UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RUFUS J. HAMPTON, III (#329245) | CIVIL ACTION |
| VERSUS | |
| NICK SANDERS, ET AL. | NO. 14-0623-JJB-RLB |

## RULING

This matter comes before the Court in connection with the Court's Order dated October 24, 2014 (R. Doc. 3), denying the plaintiff's motion to proceed *in forma pauperis* and directing him to pay the full amount of the Court's filing fee.[1] Whereas the Court has since granted the plaintiff an extension of time within which to make the required payment, *see* R. Doc. 6, the referenced extension has now expired.

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while confined, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

1. The plaintiff filed written Objections in response to the Court's Order denying *in forma pauperis* status in this case. *See* R. Doc. 4. The Court overruled those Objections and affirmed the referenced Order pursuant to Ruling dated December 2, 2014. *See* R. Doc. 5.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[2] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court entered an Order on October 24, 2014 (R. Doc. 3), denying the plaintiff's motion to proceed *in forma pauperis* and directing him to pay the full amount of the Court's filing fee.[3] The referenced Order advised the plaintiff that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's Complaint without further notice from the Court." *Id.* A review of the record by the Court reflects that the plaintiff has failed to pay the filing fee within the time allowed. Accordingly, the plaintiff's action is subject to dismissal for failure to pay the Court's filing fee.

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 31st day of March, 2015.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**

---

2. Cases or appeals filed by the plaintiff that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Rufus Hampton, III v. Kathleen Blanco, Governor, et al.*, Civil Action No. 07-0617-JJB-CN (M.D., La.), *Rufus Hampton, III v. Kathleen Blanco, et al.*, Civil Action No. 06-0527-JJB-SCR (M.D., La.), and *Rufus James Hampton, III v. Webster Parish Sheriff's Dept., et al.*, Civil Action No. 02-2579-TS-RSP (W.D. La.).

3. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained within 28 U.S.C. § 1915(g). *See* R. Doc. 3 at n. 2.